IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

| | | |
|---|---|---|
| RHONDA LEE SMITH (BALILES) | ) | BRADLEY COUNTY |
| | ) | 03A01-9606-CH-00195 |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. EARL H. HENLEY, |
| | ) | CHANCELLOR |
| | ) | |
| HOME BENEFICIAL LIFE | ) | APPEAL DISMISSED IN PART; |
| INSURANCE COMPANY | ) | JUDGMENT AFFIRMED IN PART, |
| | ) | VACATED IN PART, and REMANDED |
| Defendant-Appellee | ) | |

WILLIAM J. BROWN OF CLEVELAND FOR APPELLANT

MICHAEL E. CALLAWAY OF CLEVELAND FOR APPELLEE

CHARLES W. BURSON, Attorney General and Reporter, and
JOHN A. MOORE, Assistant Attorney General, NASHVILLE, FOR
LARRY WALLACE, Director of the TENNESSEE BUREAU OF INVESTIGATION


O P I N I O N


Goddard, P.J.


This case is before us pursuant to the grant of two Rule 9 Interlocutory Appeals, one to Plaintiff Rhonda Lee Smith and the other to Larry Wallace, in his official capacity as Director of the Tennessee Bureau of Investigation.

The suit giving rise to these appeals stems from the disappearance of Charles Vernon Smith in June of 1985, while he was married to Ms. Baliles.[1] Prior to his disappearance, Mr. Smith purchased a whole life insurance policy from Home Beneficial in the amount of $100,000 with accidental death benefits in an additional amount of $100,000. This policy named Ms. Baliles as the beneficiary. It is Ms. Baliles' theory that Mr. Smith was the victim of a contract killing by Bobby Chadwick at the instance of Deno McKenzie.

Although other issues are raised in this Court, we may only consider those issues specified in the Trial Court's orders granting these appeals:

## MS. BALILES APPEAL

It is therefore ORDERED, ADJUDGED AND DECREED THAT the motion of the defendant Home Beneficial Life Insurance Company to strike the depositions of Shirley Hamilton and Special Agent Gerald Presley of the Tennessee Bureau of Investigation is granted.

It is further ORDERED that the plaintiff is granted an interlocutory appeal to the Court of Appeals as to the issues of the striking of the depositions as well as the plaintiff's motion for summary judgment, and the trial date of April 29, 1996 is continued pending this appeal.

---

[1] She was subsequently divorced from Mr. Smith on July 31, 1985.

<u>MR. WALLACE'S APPEAL</u>

It is further ORDERED that the Tennessee Bureau of Investigation and Special Agent Gerald Presley are granted an interlocutory appeal to the Court of Appeals as to the issue of whether the depositions are privileged and not subject to introduction as evidence at trial.

In addressing the first points raised by Ms. Baliles, we must first look to the definition of hearsay found in Rule 801 of the Tennessee Rules of Evidence:

**Rule 801.  Definitions.**

The following definitions apply under this article:
(a) Statement.  A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a person if it is intended by the person as an assertion.
(b) Declarant.  A "declarant" is a person who makes a statement.
(c) Hearsay.  "Hearsay" is a statement,[2] other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

A cursory examination of the deposition of Shirley Hamilton and Special Agent Presley demonstrates that certain testimony elicited is clearly not hearsay.  For example, as to Ms. Hamilton, she testified as to the following facts about the time of Mr. Smith's disappearance:

---

[2]     Oral or written or non-verbal conduct intended as an assertion.

3

1.     Her then husband, Bobby Chadwick, came into their home and "had blood down his shirt, down his pants." Additionally, on this occasion, "he had a billfold stretched out in his hand. I seen -- I don't know if it was a driver's license or an ID or what. It just had a picture of Mr. Smith." On the same occasion, he took out a revolver and laid it on the coffee table. For several days thereafter, Mr. Smith was sick and could not eat nor drink.

2.     That sometime later, at her husband's request, she accompanied him to the home of Deno McKenzie, where he removed an envelope from Mr. McKenzie's mailbox and handed it to her. When she opened the envelope she found it contained $3000.

It further appears that even some statements that are hearsay might be exceptions to the general rule. Rule 803, Tennessee Rules of Evidence, 3rd Ed. We also point out without trying to micro-manage the Chancellor's trial of this case that questions and commands are as a general rule admissible. Section 801.9, Tennessee Law of Evidence, 3rd Ed.

Finally, as to that portion of Ms. Baliles' appeal which asserts she should have been granted a summary judgment, we cannot find that the undisputed proof shows Mr. Smith is deceased or that his death resulted as alleged in the complaint "from bodily injuries sustained through external, violent, and accidental means."

4

As to the deposition of Special Agent Presley, we recognize that much of it might not be admissible as violative of the hearsay rule but other portions are and, with this deposition as with the deposition of Ms. Hamilton, the rulings of the Trial Court should be on an answer-by-answer basis which could very well be influenced by the testimony received at trial prior to the offer of the testimony contained in the depositions.

It appears the principal concern as to Mr. Wallace's appeal is that Ms. Hamilton's name would become known to Mr. Chadwick which would place her in peril. The record discloses that Mr. Chadwick knew that Ms. Hamilton was furnishing information to the law enforcement authority and granting a privilege to protect her would be futile. We accordingly conclude that our grant of an interlocutory appeal as to Mr. Wallace was improvident and his appeal is accordingly dismissed.

For the foregoing reasons we dismiss the appeal of Mr. Wallace, vacate the order of the Trial Court striking the depositions of Ms. Hamilton and Special Agent Presley, and affirm his order denying summary judgment to Ms. Baliles. The cause is remanded for further proceedings not inconsistent with this opinion. Costs of appeal are adjudged one-half against Ms. Baliles and one-half against Home Beneficial.

5

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Charles D. Susano, Jr., J.


_____
William H. Inman, Sr.J.

6